**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**Orlando Division**

AMBER R. HERRIN, REBECCA
HESSELMEYER, and FAIR HOUSING      Case No.: 6:09-cv-1562-ORL-35-KRS
CONTINUUM, INC.

        Plaintiffs,
v.

LAMACHYS VILLAGE AT INDIGO LAKES, INC.

        Defendant,
_____/

## PLAINTIFF' S MOTION FOR PROTECTIVE ORDER

COMES NOW, Plaintiff, AMBER R. HERRIN, by and through undersigned counsel, and pursuant to Rule 26(c), moves for a protective order requiring (1) that her deposition be taken telephonically in Minneapolis, or (2) that mediation be scheduled immediately following the Plaintiffs' deposition. This relief is requested due to the financial condition of the Plaintiff and her undue expense of traveling from Minnesota to Florida for three separate occasions, and states as follows:

This complaint involves the outright refusal of an opportunity to reside at housing owned and operated by the Defendant solely because of Plaintiffs Amber R. Herrin and Rebecca Hesselmeyer's total visual impairment. Following the commencement of this action, and in part, because of the actions of the Defendant, Ms. Herrin moved to Minnesota. Ms. Herrin both currently lives on her social security of $694 per month, and she is a student in a vocational school in Minneapolis. After her rent, expenses for her guide dog, Yonkers', and other expenses, the money she has left is minimal. See Exhibit "A". The Fair Housing Continuum is a government funded fair housing organization which similarly has limited resources.

The Defendants have set Ms. Herrin for deposition on May 17, 2010, at 1:30 PM and the deposition of her co-plaintiff, Rebecca Hesselmeyer is scheduled at 3:30 PM in Orlando, Florida. See Exhibit "B". However, the Defendant refuses to mediate this matter until September 2010. According to Defendants position, he would prefer to wait until all discovery is complete and dispositive motions are filed prior to mediating this matter.

Notwithstanding the fact that the Plaintiffs' depositions are only scheduled for one afternoon, travelling from Minnesota to Orlando is not a one day turn-around flight. One day each will be required for travel, and because of the Plaintiff's inability to drive, assisted transportation will be required for all stages of the Plaintiff's travel. For this afternoon of depositions, two nights of accommodations will be required. As such, travel and expense will cost twice the amount that she receives per month on social security disability. Because her appearance is required for trial, deposition and mediation, this expense is extreme, and the Plaintiffs sought to minimize this expense.

Primarily, the Plaintiff attempted to combine deposition and mediation in one trip for in any discrimination case where non-economic damages and injunctive relief are the main categories of relief demanded, it inures to the benefit of both parties to engage in an early mediation. Having a mediation after discovery is complete and dispositive motions have been filed inures more to the benefit of counsel at that point. Such suggestion was rejected by the Defendant.

For one and one half hours of deposition, the Defendant is demanding that the visually impaired student Plaintiff travel from Minneapolis to Orlando. Such request poses an undue burden to the Plaintiff, and she should be allowed to be deposed telephonically.

Memorandum of Law.

Pursuant to Local Rule 3.04

(b) For the guidance of counsel in preparing or opposing contemplated motions for a protective order pursuant to Rule 26(c), Fed.R.Civ.P., related to the place of taking a party-litigant's deposition, or the deposition of the managing agent of a party, it is the general policy of the Court that a non-resident plaintiff may reasonably be deposed at least once in this District during the discovery stages of the case; and that a non-resident defendant who intends to be present in person at trial may reasonably be deposed at least once in this District either during the discovery stages of the case or within a week prior to trial as the circumstances seem to suggest. Otherwise, depositions of parties should usually be taken as in the case of other witnesses pursuant to Rule 45(d), Fed.R.Civ.P.. A non-resident, within the meaning of this rule, is a person residing outside the State of Florida.

A court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *Fed. R. Civ. P. 26(c)(1)*. Among other things, the Court may require one or more of the following limits on discovery : (1) forbidding the disclosure or discovery; (2) specifying terms, including time and place, for the disclosure or discovery; (3) prescribing a discovery method other than that selected by the party seeking discovery; (4) forbidding inquiry, or limiting the scope of disclosure or discovery, into certain matters; and (5) designating persons who may be present while the discovery is conducted. Id. The moving party bears the burden of demonstrating "good cause." Chicago Tribune Co. v. Bridgestone/Firestone, Inc., 263 F.3d 1304, 1313 (11th Cir. 2001); Leblanc v. Unifund CCR Ptnrs, 2007 U.S. Dist. LEXIS 62141 (M.D. Fla. 2007). The "good cause" standard for issuing a protective order requires the Court to balance the moving party's interest in preventing the discovery sought against the other party's interest in seeking the discovery. Id. (citing Farnsworth v. Procter & Gamble, Co., 758 F.2d 1545, 1547 (11th Cir. 1985)).

Pursuant to the local rule, a defendant is entitled to depose a plaintiff in the forum where the case is pending, Rule 26, Fed.R.Civ.P. authorizes the Court to order that a plaintiff's deposition be taken in a different location, or by alternative means, if justice so requires. See *Fed.R.Civ.P. 26(c)(2)*. Trinos v. Quality Staffing Services Corp., 250 F.R.D. 696 (S.D. Fla. 2008). "Thus, if a plaintiff demonstrates hardship or burden that outweighs any prejudice to the defendant, the general rule requiring a plaintiff to appear for deposition in the forum 'may yield to the exigencies of the particular case.'" Palma v. Safe Hurricane Shutters, Inc., 2009 U.S. Dist. LEXIS 22704, *10 (S.D. Fla 2009)( citing Luna v. Del Monte fresh Produce (Southeast), Inc., 2007 U.S. Dist. LEXIS 36893, 2007 WL 1500269 *2 (May 18, 2007 N.D. Ga.)

Similar to this case, the court in Palma, *supra*, allowed the telephonic deposition of some of the Plaintiffs due to the fact that the Plaintiffs resided out of state and suffered from economic hardship if they were required to be deposed in South Florida.

Pursuant to Local Rule 3.01, counsel for the undersigned conferred with counsel for the defendant in good faith and could not resolve the issues raised in this motion.

WHEREFORE, Plaintiff, AMBER R. HERRIN, respectfully requests that this court Order mediation immediately following the deposition of Amber Herrin, or in the alternative, allow Amber Herrin to appear for her deposition telephonically in Minneapolis and any other relief as this court deems just and equitable, including the assessment of fees and costs pursuant to Rules 26(c)(3) and 37(a)(5)

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 27th day of April, 2010 the undersigned electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a

notice of electronic filing to: Theodore R. Doran, Esq. and Michael Ciocchetti, Esq., Doran, Wolfe, Ansay & Kundid, 444 Seabreeze Boulevard, Suite 800, Daytona Beach, FL 32115.

        LAW OFFICES OF MATTHEW W. DIETZ, P.L.
        2990 Southwest 35th Avenue
        Miami, Florida 33133
        T: (305) 669-2822
        F: (305) 442-4181
        Email: MatthewDietz@USDisabilityLaw.com

        Aaron Bates, Esq.
        Bates, Mokwa PLLC
        126 East Jefferson Street
        Orlando, Florida 32801
        T: (407) 893-3776
        F: (407) 893-3779
        Email: Abates@batesmokwa.com
        Florida Bar No.: 011749

BY:    s/ Matthew W. Dietz
        MATTHEW W. DIETZ, ESQ.
        FLORIDA BAR NO.: 0084905