**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**AMBER R. HERRIN, REBECCA HESSELMEYER, FAIR HOUSING CONTINUUM, INC.,**

        **Plaintiffs,**

**-vs-**                                    **Case No. 6:09-cv-1562-Orl-35KRS**

**LAMACHYS VILLAGE AT INDIGO LAKES, INC.,**

        **Defendant.**

_____

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **PLAINTIFF'S MOTION FOR PROTECTIVE ORDER** (Doc. No. 17)
>
> **FILED:** April 27, 2010
>
> _____
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED** in part and **DENIED** in part.

Plaintiff Amber R. Herrin and others filed the present case against Lamachys Village at Indigo Lakes, Inc. (Lamachys) alleging that Lamchys violated the Fair Housing Act by refusing to rent her an apartment in Daytona Beach, Florida because Herrin is blind. Doc. No.1. After filing the complaint in this case, Herrin moved to Minneapolis, Minnesota, where she is a student in a vocational school. She filed a declaration in which she avers that her income is limited to a social

security payment that is insufficient to provide her the financial resources to travel to Florida to be deposed by Lamachys. Doc. No. 17-2. Accordingly, she asks that she be permitted to be deposed by telephone. She also requests that if she is required to travel to central Florida, that the Court-ordered mediation and deposition both take place while she is in Florida.

Lamachys noticed Herrin for a deposition in Orlando Florida on May 17, 2010 beginning at 1:30 p.m. Doc. No. 17-2. In the response to the motion, Lamachys indicates that it wishes to depose Herrin in person to evaluate her credibility. It offers to allow Herrin to attend the mediation by telephone. Because there is no representation that the mediator would agree to appearance at mediation by telephone, however, the Court cannot resolve that issue at this point.

The general policy of this Court is that a non-resident Plaintiff may reasonably be deposed at least once in this District. M.D. Fla. L.R. 3.04(b). However, courts have recognized that this policy may not be followed upon proof of hardship or undue burden. *See, e.g., Marrero Enterps. of Palm Beach, Inc. v. Estefan Enterps., Inc.*, No. 06-81036-CIV, 2009 WL 3048698, at * 2 (S.D. Fla. Sept. 18, 2009). At least one Court has observed that it is not unreasonable to require a defendant to advance travel funds to a destitute plaintiff, with the amount to be deducted from any recovery awarded to plaintiff. *See McDonald v. Southworth*, No. 1:07-cv-217-JMS-DFH, 2008 WL 2705557, at * 6 (S.D. Ind. July 10, 2008).

In the present case, Lamachys reasonably wishes to depose Herrin in person in order to evaluate her credibility and demeanor. Herrin has, however, presented sufficient evidence to establish that is would be a financial hardship to travel to Orlando for the deposition. Accordingly, on balance I conclude that if Lamachys wishes to depose Herrin in person, it should do so either via videoconference or at a suitable location near Herrin's home or school in Minneapolis. The

reasonable costs incurred in conducting a videoconference or incurred by one attorney for Plaintiff traveling to Minneapolis for the deposition may be deducted from any recovery Plaintiff may receive in this case.[1]  If Lamachys prevails, it may file a motion for an order requiring Plaintiff to pay the costs incurred in conducting her deposition by videoconference or in person in Minneapolis.

Counsel for the parties shall confer to select a date before the end of May and a location for the videoconference or in-person deposition in Minneapolis.  If the parties cannot agree on a date and location, they should promptly contact my courtroom deputy clerk, Edward Jackson, at 407/835-5809 to schedule a telephone conference during which I will select the date and location for the deposition.

**DONE** and **ORDERED** in Orlando, Florida on May 5, 2010.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

[1] Lamachys is not required to bear the cost for counsel for Herrin to travel to Minneapolis, if the deposition is conducted there.