# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**AMBER R. HERRIN, REBECCA HESSELMEYER, and FAIR HOUSING CONTINUUM, INC.,**

    **Plaintiffs,**

v.                                                       Case No. 6:09-cv-1562-Orl-KRS

**LAMACHYS VILLAGE AT INDIGO LAKES, INC.,**

    **Defendant.**
_____/

## ORDER

**THIS CAUSE** comes before the Court for consideration of Defendant's Motion for Summary Judgment (Dkt. 21); Plaintiffs' Response in opposition thereto (Dkt. 27); Plaintiff's Motion to Strike Defendant's Affidavits, or Alternatively, Motion for Continuance to Conduct Additional Discovery (Dkt. 26); and Defendant's Reply. (Dkt. 29)  Upon consideration of all relevant filings, case law, and being otherwise fully advised, the Court **DENIES** Defendant's Motion for Summary Judgment (Dkt. 21) and **GRANTS in part** and **DENIES in part** Plaintiff's Motion to Strike (Dkt. 26), as described herein.

**I.    BACKGROUND**

    **A. Case History**

This case arises out of Defendant's alleged unlawful discrimination in the rental of an apartment to Plaintiffs Amber R. Herrin and Rebecca Hesselmeyer because Plaintiffs are blind.  (Dkt. 1 at 6-8)   In June 2009, Plaintiff Amber Herrin ("Plaintiff

Herrin") contacted Vanessa Apartments, an apartment complex owned and operated by Defendant Lamachys Village at Indigo Lakes ("Defendant Lamachys"). (Dkt. 1 at 3) Plaintiff Herrin alleges that after she informed Defendant Lamachys that she and her roommate Rebecca Hesselmeyer are blind, Defendant refused to rent her an apartment. (Dkt. 1 at 3-4) Plaintiffs Herrin and Hesselmeyer complained to Fair Housing Continuum, Inc. ("FHC") about the treatment they received from Vanessa Apartments and their desire to obtain an apartment in that complex. (Id. at 4) Plaintiff FHC made several unsuccessful attempts to contact management at Vanessa Apartments regarding rental of a unit to Plaintiffs Herrin and Hesselmeyer. (Id. at 5)

Plaintiffs filed the present action on September 11, 2009, alleging one cause of action for Violation of the federal Fair Housing Act ("FHA"). (Id. at 6-8) On September 10, 2010, Defendant filed its Motion for Summary Judgment, which included the affidavits of its property managers Christina Lamachy-Hall and Gina Lamachy. (Dkt. 22; Dkt. 22-1; Dkt. 22-2) On October 12, 2010, Plaintiffs filed their Motion to Strike as well as their Response in opposition to summary judgment. (Dkts. 26, 27) In their motion, Plaintiffs seek to (1) strike the affidavits of Christina Lamachy-Hall and Gina Lamachy or (2) permit additional discovery pursuant to Federal Rule of Civil Procedure 56(f) to "determine whether similarly situated tenants went through the same approval process and received the same treatment[.]" (Dkt. 26 at 6)

**B. Undisputed Facts**

The following facts are undisputed in this case:

Defendant Lamachys owns and operates Vanessa Apartments, an apartment complex located in Volusia County, Florida. (Dkt. 22-1 1 at 1; Dkt. 22-1 at 1; Dkt. 27-2 at 4; Dkt. 27-3 at 3) David Lamachy is the owner of Defendant Lamachys, and his

2

daughters, Christina Hall and Gina Lamachy, are employed as property managers by the company. (Id.)  Defendant Lamachys advertises its apartments on the Internet. (Dkt. 27-2 at 5; Dkt. 27-4 at 2)  In June 2009, Defendant Lamachys placed an advertisement for an apartment in its Vanessa Apartments complex on Craigslist. (Dkt. 27-4 at 2)  After viewing the Craigslist advertisement, Plaintiff Herrin called Defendant Lamachys to inquire about the apartment. (Dkt. 22-4 at 27-28; Dkt. 27-1 at 26-27, 31-37)

When Plaintiff Herrin contacted Defendant Lamachys about an apartment, she informed Defendant Lamachys that she and Plaintiff Hesselmeyer are both blind. (Dkt. 27-1 at 32; Dkt. 27-2 at 8)  Defendant Lamachys expressed concern as to whether its insurance company would permit rental to a blind person without a seeing eye dog. (Dkt. 27-1 at 37; Dkt. 27-2 at 8-9; Dkt. 27-5 at 3)  Plaintiff Herrin's mother, Elva Rose Davis, also contacted Defendant Lamachys regarding rental of an apartment to her daughter. (Dkt. 27-1 at 57; 27-2 at 10; Dkt. 27-5 at 203)  Neither Plaintiff Herrin nor Plaintiff Hesselmeyer completed an application for housing with Defendant Lamachys. (Dkt. 22-4 at 42-43, 55; Dkt. 22-1 at ¶ 4; Dkt. 22-2 at ¶ 4; Dkt. 27-1 at 67)

Plaintiff Herrin contacted Plaintiff FHC regarding her experience with Defendant Lamachys. (Dkt. 22-4 at 76-77; Dkt. 27-1 at 56; Dkt. 27-6 at 3-4)  David Baade, the Executive Director of Plaintiff FHC, made several attempts to contact Defendant Lamachys via telephone. (Dkt. 27-6 at 4-5; Dkt. 27-2 at 21)   Plaintiffs Herrin and Hesselmeyer were not offered an apartment by Defendant Lamachys. (Dkt. 22-1 at 1; Dkt. 22-2 at 1; Dkt. 27-1 at 67; Dkt. 27-2 at 8, 10, 17-18)

## II.     LEGAL STANDARDS

### A. Summary Judgment

Summary judgment is appropriate when the movant can show that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. Fennell v. Gilstrap, 559 F.3d 1212, 1216 (11th Cir. 2009) (citing Welding Servs., Inc. v. Forman, 509 F.3d 1351, 1356 (11th Cir. 2007)).  Which facts are material depends on the substantive law applicable to the case.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  The moving party bears the burden of showing that no genuine issue of material fact exists.  Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991).  Evidence is reviewed in the light most favorable to the non-moving party.  Fennell, 559 F.3d at 1216 (citing Welding Servs., Inc., 509 F.3d at 1356).

A moving party discharges its burden on a motion for summary judgment by showing or pointing out to the Court that there is an absence of evidence to support the non-moving party's case.  Denney v. City of Albany, 247 F.3d 1172, 1181 (11th Cir. 2001) (citation omitted).  When a moving party has discharged its burden, the non-moving party must then go beyond the pleadings, and by its own affidavits, or by depositions, answers to interrogatories, and admissions on file, designate specific facts showing there is a genuine issue for trial.  Porter v. Ray, 461 F.3d 1315, 1321 (11th Cir. 2006) (citation omitted).  The party opposing a motion for summary judgment must rely on more than conclusory statements or allegations unsupported by facts.  Evers v. Gen. Motors Corp., 770 F.2d 984, 986 (11th Cir. 1985) ("conclusory allegations without specific supporting facts have no probative value.").  If material issues of fact exist that would not allow the Court to resolve an issue as a matter of law, the Court must not

decide them, but must deny the motion and proceed to trial. Herzog v. Castle Rock Entm't, 193 F.3d 1241, 1246 (11th Cir. 1999).

### B. The Sham Affidavit Concept

Federal Rule of Civil Procedure 56(e) provides that a "supporting or opposing affidavit must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify to the matters stated therein." FED. R. CIV. P. 56(e). On summary judgment, district courts "shall consider all evidence in the record . . . pleadings, depositions, interrogatories, affidavits, etc. –and can only grant summary judgment if everything in the record . . . demonstrates that no genuine issue of material fact exists." Tippens v. Celotex Corp., 805 F.2d 949, 952 (11th Cir. 1986) (internal citation and quotation marks omitted) (emphasis in original). Because parties may try to escape summary judgment by using affidavits to create issues of fact where none exist, an affidavit may be disregarded as a sham if it flatly contradicts earlier deposition testimony in a manner that cannot be explained. Van T. Junkins & Assocs., Inc. v. U.S. Indus., Inc., 736 F.2d 656, 657 (11th Cir. 1984). "When a party has given clear answers to unambiguous questions which negate the existence of any genuine issue of material fact, that party cannot thereafter create such an issue with an affidavit that merely contradicts, without explanation, previously given clear testimony." Id. The sham affidavit concept is limited in that:

> Every discrepancy contained in an affidavit does not justify a district court's refusal to give credence to such evidence. The court must be careful to distinguish between discrepancies which create transparent shams and discrepancies which create an issue of credibility or go to the weight of the evidence. In light of the jury's role in resolving questions of credibility, a district court should not reject the content of an affidavit even if it is at odds with statements made in an early deposition.

5

Akins v. Fulton County, Ga., 278 Fed. Appx. 964, 968 (11th Cir. 2008) (citations omitted).

### III. DISCUSSION

#### A. Plaintiff's FHA Claims

Defendant contends it is entitled to summary judgment on Plaintiffs' FHA claims because Plaintiffs Herrin and Hesselmeyer cannot establish a *prima facie* case of housing discrimination since they did not apply for and were not qualified for housing with Defendant Lamachys. (Dkt. 21 at 8-9) For the reasons stated, infra, the Court **DENIES** Defendant's Motion on this issue.

Under the Fair Housing Act, it is unlawful for a seller or landlord to discriminate in selling or renting, "or otherwise make unavailable or deny," a dwelling to someone because of the handicap of (1) the prospective buyer or renter; (2) a person living or wanting to live in the dwelling after it is sold or rented; or (3) any person associated with the buyer or renter. 42 U.S.C. § 3604(f)(1); 24 C.F.R. § 100.70(b)(6). A plaintiff can establish a violation under the FHA by proving (1) intentional discrimination; (2) disparate impact; or (3) a refusal to make a reasonable accommodation. Schwartz v. City of Treasure Island, 544 F.3d 1201, 1216-17 (11th Cir. 2008).

A claim of intentional discrimination in violation of the FHA may be proven by both direct and circumstantial evidence. Village of Arlington Heights v. Metro. Hous. Dev. Corp., 429 U.S. 252, 265 (1977). The McDonnell Douglas[1] three–part burden of proof test governs cases under the FHA when there is circumstantial evidence of intentional discrimination. Herron v. Blackwell, 908 F.2d 864, 870-71 (11th Cir. 1990).

---

[1] Under McDonnell Douglas, the plaintiff bears the initial burden of proving a *prima facie* case of discrimination by a preponderance of the evidence. McDonnell Douglas Corp. v. Green, 41 1 U.S. 792, 802 (1973).

6

To establish a *prima facie* case of handicap discrimination under the FHA, a renter must show that: (1) she is a member of a protected class; (2) she applied for and was qualified to rent the housing unit; (3) the landlord rejected the renter; and (4) the housing unit remained available thereafter. See Herron, 908 F.2d at 870. Once a handicapped individual establishes a *prima facie* case of discrimination, the burden shifts to the landlord to articulate a legitimate reason for its actions. Id. The plaintiff then must establish that the landlord's reason is a pretext for unlawful discrimination. Id. However, the plaintiff bears the ultimate burden of proving intentional discrimination. Woodard v. Fanboy, LLC, 298 F.3d 1261, 1264-65 (11th Cir. 2002).

Where there is direct evidence of discrimination, reliance on the McDonnell Douglas framework is unnecessary. See Evans v. McClain of Georgia, Inc., 131 F.3d 957, 962 (11th Cir. 1997). "[O]nce a plaintiff produces direct evidence of a discriminatory motive, and the trier of facts accepts this testimony, "the ultimate issue of discrimination is proved." Id. (citation omitted). When there is direct evidence that discrimination was a motivating factor in the defendant's housing decision, the defendant may avoid liability only by proving by a preponderance of the evidence that it would have made the same decision had it not taken the plaintiff's handicap into account. See id.

### 1. Whether Plaintiffs Can Establish a *Prima Facie* Case

Here, it is undisputed that Plaintiffs Herrin and Hesselmeyer are handicapped within the meaning of the FHA. See 42 U.S.C. § 3604(f)(2).[2] (Dkt. 27-1 at 8-9, 32; Dkt. 22-4 at 18, 23) What remains disputed is whether Defendants interfered with Plaintiffs'

---

[2] The term "handicap" is defined as "(1) a physical or mental impairment which substantially limits one or more of [a] person's major life activities,(2) a record of having such an impairment, or (3) being regarded as having such an impairment." 42 U.S.C. § 3604(f)(2).

7

attempt to secure rental housing because they are handicapped. Defendant contends that summary judgment is appropriate because Plaintiffs never applied for housing and were not qualified. (Dkt. 27 at 8-9) Specifically, Defendant contends Plaintiff Herrin "was not qualified to rent an apartment from Lamachys" because in her answers to Defendant's interrogatories, Plaintiff stated that she "moved out of a dwelling before the end of the lease term without the owner's consent." (Dkt. 21 at 9; Dkt. 22-3 at 3) Defendants contend that this abandonment of a prior lease rendered Plaintiff Herrin ineligible for rental at Defendants' property.

However, in deposition, when describing Defendant Lamachys tenant approval process, Ms. Lamachy testified:

> We run a credit check, a background check, and we do a check with the Clerk of Courts for any prior evictions.
> The only reason we turn anyone down is if they're a **violent felon, a sex offender, or if they've ever been evicted**.

(Dkt. 27-2 at 12, 17) (emphasis added). Similarly, in her deposition, when asked about the tenant approval process, Ms. Hall testified:

> First thing we do is look at, we have an account with Experian Credit Data Services. I pull their credit report.
> I go to the Clerk of Court websites, and I look to see if they've had any prior evictions. . . . Mainly in Volusia County. I can only do it on a local level.
> I actually go onto the National Offender Search . . . and I look up and see if they're like a sex offender or if they've been on probation or any type of assault, anything.
> [I]f they have a co-signer, then I have to look up all of the same information.
> I basically scan the credit report see what they've got delinquent. I look at the summary, see if they have any disputed accounts. . . . I see how much they owe. I don't go by the credit score number. [Then] I determine the amount of the security deposit.

(Dkt. 27-3 at 13-14)  Subsequently, in their respective affidavits, Ms. Hall and Ms. Lamachy each attested:

> It is the policy of Lamachys Village at Indigo Lakes, Inc. to deny any rental application where the applicant has previously been evicted, abandoned a lease, and/or has any outstanding collection action related to any prior apartment rental.
>
> On or about August 2010, I conducted an eviction and rental history check on Amber R. Herrin and Rebecca Hesselmeyer.
>
> As a result of the eviction and rental history check it was determined that Ms. Herrin previously abandoned a lease, resulting in a collection action against Ms. Herrin for unpaid rent.
>
> The aforementioned negative rental history would have resulted in the disqualification of Ms. Herrin from rental at Lamachys Village at Indigo Lakes, Inc.
>
> Accordingly, had Ms. Herrin submitted an application for consideration as a potential tenant at Lamachys Village at Indigo Lakes, Inc. any such application would have been denied due to Ms. Herrin's negative rental history.

(Dkt. 22-1 at ¶¶ 7-11; Dkt. 22-1 at ¶¶ 7-11)

In response to Defendant's motion for summary judgment and in their motion to strike, Plaintiffs contend Defendant's affidavits are a sham and should be stricken because the affidavits expressly contradict previously provided deposition testimony. (Dkt. 26 at 4; Dkt. 27 at 12-17)  Whether or not Defendants' attestations on their affidavits constitute a sham, they certainly create a factual dispute concerning the requirements for one to be qualified, or disqualified as the case may be, from tenancy at Defendants' property. Defendant's only proffered reasons to deny tenancy during deposition included being "a violent felon, a sex offender, or if they've ever been evicted."  (Dkt. 27-2 at 17)  There is no evidence in the record that either Plaintiff Herrin or Plaintiff Hesselmeyer is a violent felon, sex offender, or previously evicted tenant.  In her sworn declaration, Plaintiff Herrin stated:

> I have never been evicted from any apartment.

9

> I have never been sued to my knowledge, and have never had a judgment entered against me.
>
> In 2007, I moved out of an apartment that I was sharing with another person in Dallas, Texas, prior to the end of the lease, and without the owner's consent. I had never received any correspondence or dunning letter from the landlord or his representative. There was no collection action filed in Texas or anywhere else to my knowledge.
>
> I have never been charged with any violent felony and am not a sexual offender.

(Dkt. 27-8 at ¶¶ 3-6)

Curiously, the eviction and rental history check attested to by Ms. Hall and Ms. Lamachy was conducted in August 2010, over a year after Plaintiffs' June 2009 attempt to rent an apartment from Defendant Lamachys, suggesting that this level of qualification was not germane to the rental decision at the time the Plaintiff sought housing. (See Dkt. 22-1 at 2; Dkt. 22-2 at 2) Further, the affidavits of Ms. Hall and Ms. Lamachy reveal previously undisclosed tenant application procedures for the first time on summary judgment. (See id.) Because the affidavits are contradictory to earlier deposition testimony, they do not direct a finding in favor of Defendants on summary judgment; at best, they create a factual dispute. See Van T. Junkins 736 F.2d at 658 (recognizing that a party's affidavit can create an issue of fact when contrasted with the party's deposition). Accordingly, Plaintiffs' Motion to Strike Defendants' Affidavits is **DENIED as moot**.

Upon consideration of the remaining evidence in the record, Court finds there are factual disputes regarding whether Plaintiffs met the objective requirements of Defendant Lamachys and whether the rental would likely have been consummated were Plaintiffs not blind. Just by way of example, Defendant Lamachys proffers the issue of insurance coverage as one reason Plaintiffs were not initially offered housing. (Dkt. 29 at 3-5) Ms. Lamachy testified in her deposition that at the time she spoke with

Plaintiff Herrin regarding rental of unit at Vanessa Apartments, only a second floor apartment was available. (Dkt. 27-2 at 8)  Ms. Lamachy further testified she had to "check with the insurance company" before renting the second story unit to Plaintiffs "without a seeing eye dog." (Dkt. 27-2 at 8)

Plaintiff Herrin testified in her deposition that when she contacted Defendant Lamachy's she was told "[t]he bottom line is that we can't rent to you; our insurance won't allow it; you're a liability[.]" (Dkt. 27-1 at 27)  Yet, in the deposition of Defendant Lamancy's insurance broker, Tina Holder, Ms. Holder testified that in June 2009, she informed Ms. Lamachy that Defendant's insurance policy did not contain a clause precluding Defendant from renting a second floor unit to an individual with a visual impairment. (Dkt. 27-7 at 4)

Thus, Plaintiffs contend the inference of discrimination cannot be explained away because Plaintiff Herrin was informed "that she could not rent because of her disability[,] . . . Defendant never offered Herrin an application, never corrected its misrepresentations concerning [insurance] liability concerns after receiving the correct information from Holder, and outright refused to even attempt to rent an apartment to Herrin." (Dkt. 27 at 12)  Viewed in the light most favorable to Plaintiffs, Defendant's comments and actions suggest a discriminatory motive.  See Burrell v. Bd. of Trustees of Ga. Military Coll., 125 F.3d 1390, 1393 (11th Cir.1997).  Thus, Defendants have failed to demonstrate that Plaintiffs were not qualified as a matter of law and have failed to overcome the inference of discrimination created by this factual record.  Accordingly, Defendant's motion for summary judgment on Plaintiffs' FHA claim for failure to establish a *prima facie* case is **DENIED**.

Finally, the Court notes that in their response to summary judgment, Plaintiffs contend proof of disparate treatment is unnecessary because there is direct evidence of discrimination. (Dkt. 27 at 9-12) Because the Court denies summary judgment on the first ground and Plaintiffs have not moved for summary judgment, Plaintiffs' discussion of direct evidence of discrimination will not be addressed by the Court herein.

**IV. CONCLSION**

Upon consideration of the foregoing, it is hereby **ORDERED** as follows:

A. Plaintiffs' Motion to Strike Defendant's Affidavits or, in the Alternative, Motion for Continuance to Conduct Additional Discovery is **GRANTED in part** and **DENIED in part**. The Motion is **GRANTED** in that the Defendant shall produce, within **fourteen (14) days of this Order**, all documents that demonstrate its denial of tenancies to any individual based on a prior abandonment of a lease. Otherwise, the motion is **DENIED as moot**.; and

B. Defendant Lamachys's Motion for Summary Judgment (Dkt. 21) is **DENIED** in all respects.

**DONE** and **ORDERED** in Orlando, Florida, on this 29th day of October 2010.

_____
MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record