IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
Orlando Division

AMBER R. HERRIN, REBECCA
HESSELMEYER, and FAIR HOUSING
CONTINUUM, INC.

Case No.: 6:09-cv-1562-ORL-35-KRS

      Plaintiffs,
v.

LAMACHYS VILLAGE AT INDIGO LAKES, INC.

      Defendant,
_____/

## PLAINTIFFS' MOTION TO AMEND ORDER [D.E. #31]

**COMES NOW** Plaintiffs AMBER R. HERRIN, REBECCA HESSELMEYER, and FAIR HOUSING CONTINUUM, INC., by and through their undersigned attorneys, and pursuant to Rule 59(e), Fed. R. Civ. P., and move this court to amend the Order Denying Summary Judgment [D.E. #31], and states as follows:

In this Court's Order, the Court partially granted the Plaintiffs Motion to Strike, or in the Alternative for Additional Discovery [D.E. #26] and ordered that Defendant produce all documents that demonstrate its denial of tenancies to any individual based on a prior abandonment of a lease. [D.E. #31, p. 12]. In this motion, first, the Plaintiffs demonstrate new evidence and seek disparate treatment evidence of tenants who were accepted as tenants despite evictions, bankruptcies, felonies, or sexual offences, and second, the research done on Ms. Herrin's background, which should have been produced under Rule 26.

Based on Defendant's deposition testimony regarding tenant intake sheets, the Plaintiffs doubts that the Defendant maintains records on persons who do not become

tenants. See Deposition of Christina Hall, p.35-36, attached hereto as Exhibit "A". After the Court issued the summary judgment, the undersigned's assistant did days of public records research to determine the publically available judgment and criminal record search of the tenants from 2000 to the present and found new evidence regarding sixty-eight (68) former tenants who, prior to their tenancy with the Defendant, have been evicted, money judgment, convicted of a felony, drug offenses, significant tax liens, and sexual violators. See spreadsheets, attached as Exhibit "B". Further, there were two sexual offenders who resided at Defendant's premises, see Exhibit "C". While the defendant may destroy documents of persons who did not become tenants of Defendant, it maintains files on their rentals. As such, the Defendants would keep the <u>application, background search, credit report, and leases</u> on the attached tenants. Such evidence is both probative to whether the Plaintiffs were subject to disparate treatment, and, as stated by the court, whether "this level of qualification was not germane to the rental decision at the time the Plaintiffs sought housing." D.E. 31, p. 10. Because the qualifications of the Plaintiffs were not at issue until Summary Judgment, the plaintiffs were unable to obtain this discovery of these tenant files

Further, the Plaintiffs would like the research file, including the August 2010 eviction and rental history check of Amber R. Herrin and Rebecca Hesselmeyer, which according to the Defendant, "determined that Ms. Herrin previously abandoned a lease, resulting in a collection action against Ms. Herrin for unpaid rent." D.E. 31, p. 9. Such items would need to be produced in a supplement to their initial disclosures under Rule 26, and were not. There were no collection actions against Ms. Herrin, and it would be probative to see what materials were utilized by the Defendants during their 2010 check that they obtained this erroneous information.

Memorandum of Law

Rule 59(e), Fed.R.civ.P. provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." As the Court of Appeals for the Eleventh Circuit explains, "[t]he decision to alter or amend judgment is committed to the sound discretion of the district judge." Am. Home Assurance Co. v. Glenn Estess & Assoc., 764 F.2d. 1237, 1238-39 (11th Cir. 1985). Although Rule 59(e) does not itself specify grounds for relief, this court previously summarized the proper standard of review under Rule 59(e) as follows:

> The decision of whether to grant or deny a Rule 59(e) motion is discretionary. A motion to alter or amend a judgment must demonstrate why the court should reconsider its prior decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. Generally courts have recognized three grounds justifying reconsideration of an order: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice. Reconsideration of a previous order is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.

Sonnier v. Computer Programs & Sys. Inc., 168 F.Supp. 2d 1322, 1335 (S.D.Ala. 2001) (internal quotations and citations omitted, emphasis in original). As we are not asking the court to reverse its prior decision, but only amend the decision in the interest of justice, it is clearly merited. Further, such information would preserve scarce judicial resources and resources of the parties, as the Plaintiffs would be required to subpoena and call these sixty-eight witnesses to ask them about their past history and whether they were denied tenancy because of their eviction, criminal history, bankruptcy or judgments, or whether they had to pay a larger security deposit. A two to three day trial would turn into a six or

seven day trial.  Further, it is in the manifest interest of justice to permit the Plaintiffs to have full discovery in to this newly-disclosed defense.

## LOCAL RULE 3.01(G) CERTIFICATION

Pursuant to Local Rule 3.01, the undersigned certifies that, with respect to the foregoing motion, he has conferred with opposing counsel who opposes the relief sought herein.

**WHEREFORE**, Plaintiffs, respectfully requests that this court Order production, within twenty days, of the application, background search, credit report, and leases on the attached list of sixty eight tenants, with the social security number and bank information as well as the August 2010 eviction and rental history check of Amber Herrin and Rebecca Hesselmeyer, including the materials demonstrating the collection action against Ms. Herrin.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 8th day of November, 2010 the undersigned electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to: Theodore R. Doran, Esq. and Michael Ciocchetti, Esq., Doran, Wolfe, Ansay & Kundid, 444 Seabreeze Boulevard, Suite 800, Daytona Beach, FL 32115 and Aaron C. Bates, The Maher Law Firm, 631 W. Morse Blvd., Suite 200, Winter Park, Florida 32789.

> LAW OFFICES OF MATTHEW W. DIETZ, P.L.
> 2990 Southwest 35th Avenue
> Miami, Florida 33133
> T: (305) 669-2822
> F: (305) 442-4181
> Email: MatthewDietz@USDisabilityLaw.com
>
> BY:    s/ Matthew W. Dietz
>        MATTHEW W. DIETZ, ESQ.
>        FLORIDA BAR NO.: 0084905