# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

AMBER R. HERRIN, REBECCA
HESSELMEYER, FAIR HOUSING
CONTINUUM, INC.,

       Plaintiffs,

v.                                                    CASE NO. 6:09-CV-1562-Orl-36KRS

LAMACHYS VILLAGE AT INDIGO
LAKES, INC.,

       Defendant.
_____/

## ORDER

This cause comes before the Court on the Report and Recommendation of United States Magistrate Judge Karla R. Spaulding (Doc. 99), filed on December 8, 2011. In the Report and Recommendation, Judge Spaulding recommends that Plaintiffs' Amber Herrin, Rebecca Hesselmeyer, and Fair Housing Continuum, Inc. (collectively, "Plaintiffs") Motion for Attorneys' Fees and Costs and Motion for Sanctions Pursuant to 28 U.S.C. § 1927 ("Motion for Attorneys' Fees"), be granted in part and denied in part. *Id.* Judge Spaulding recommends that Plaintiffs' motion for attorneys' fees and costs be granted and Plaintiffs be awarded $177,941.00 in attorneys' fees and $7,852.95 in costs. Additionally, it is recommended that Plaintiffs' motion for sanctions be denied. *Id.* On December 22, 2011, Defendant Lamachys Village at Indigo Lakes, Inc. ("Defendant") filed its Objections to the Magistrate's Report and Recommendation. *See* Doc. 100. On December 26, 2011, Plaintiffs filed a Response in support of the Magistrate's Report and Recommendation. *See* Doc. 102.

## BACKGROUND

Following trial, a jury found that Defendant violated the Fair Housing Act ("FHA"), 42 U.S.C. §§ 3601-3631. *See* Doc. 69. The jury awarded Plaintiffs' Amber Herrin ("Plaintiff Herrin") and Rebecca Hesselmeyer ("Plaintiff Hesselmeyer") each $1,287.50 in compensatory damages and $1,500.00 in punitive damages. *Id.* The jury also awarded Plaintiff Fair Housing Continuum, Inc. ("FHC") $183.70 in punitive damages. *Id.* On July 13, 2011, the Court entered an Order granting injunctive relief and monetary damages to Plaintiffs. *See* Doc. 86. On August 4, 2011, Plaintiffs filed their Motion for Attorneys' Fees. *See* Doc. 88. Subsequently, Plaintiffs filed a proposed bill of costs and an additional affidavit in support of their Motion for Attorneys' Fees. *See* Docs. 89, 90. On August 15, 2011, Defendant filed a Response in Opposition to the Motion for Attorneys' Fees. *See* Doc. 91. The Court requested supplemental briefing regarding the effect of the offers of judgment and both parties filed additional briefing on that issue. *See* Docs. 96, 97, 98. On December 8, 2011, Magistrate Judge Spaulding issued a Report and Recommendation on Plaintiffs' Motion for Attorneys' Fees. *See* Doc. 99.

## STANDARD

A Magistrate Judge has the authority to make reports and recommendations to the District Court on post-judgment matters, such as fee and costs petitions. *See* 28 U.S.C. § 636(b)(1). When a party makes a timely and specific objection to a finding of fact in a Report and Recommendation, the District Court should make a *de novo* review of the record with respect to the factual issues. 28 U.S.C. § 636(b)(1); *U.S. v. Raddatz*, 447 U.S. 667, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980); *Jeffrey S. v. State Board of Education of State of Georgia*, 896 F.2d 507 (11th Cir. 1990). The party's objections must "specifically identify the portions of the proposed findings and recommendation to

which objection is made and the specific basis for objection. *Baby Buddies, Inc. v. Toys R Us, Inc.*, 2011 WL 4382285 at *1 (M.D.Fla. Sep. 20, 2011) (quoting *Macort v. Prem, Inc.*, 208 Fed.Appx. 781, 783 (11th Cir. 2006)). "It is critical that the objection be sufficiently specific and not a general objection to the report." *Id.* at 784 (citing *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984)). The District Judge may accept, reject, or modify in whole or in part, the report and recommendation of the Magistrate Judge. The District Judge may also receive further evidence or recommit the matter to the Magistrate Judge with further instructions. *Id.*

## ANALYSIS

Defendant objects to the Magistrate's Report and Recommendation on three grounds. *See* Doc. 100. First, Defendant objects to the Magistrate's finding that, "the injunctive relief awarded was of great value and that the value of the monetary judgment and the injunctive relief obtained by the Plaintiffs far outweighs the solely monetary offers of judgment Lamachys made." *Id.* Second, Defendant objects to the Magistrate's recommendation that the attorneys' fees are reasonable under *Farrar v. Hobby*, 506 U.S. 103, 114, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992). *Id.* Third, Defendant objects to the finding that Defendant made no suggestion for a reduction. *Id.*

### I. Injunctive Relief

Pursuant to Fed.R.Civ.P. Rule 68(d), if the judgment Plaintiffs obtained was not more favorable than the unaccepted offers of judgment, then Plaintiffs must pay the costs incurred after the offer was made. It is undisputed that the aggregate amount awarded to Plaintiffs, $5,758.70, was less than the aggregate amount of the offers of judgment, $6,500. Defendant argues that under Rule 68, the offers of judgment preclude Plaintiffs from recovering attorneys' fees and costs. *See* Doc. 97. Plaintiffs respond that the offers of judgment were not more favorable than the judgment they

obtained, because the value of the injunctive relief ultimately granted was not included in the offers of judgment. *See* Doc. 98.

The Magistrate noted that as part of the injunction, Defendant was enjoined from engaging in a number of activities and affirmatively required to perform a number of others. *See* Doc. 99, pp. 3-5. The Court is in agreement with the Magistrate's finding that the value of the monetary judgment and injunctive relief obtained by Plaintiffs far outweighed the Defendant's solely monetary offers of judgment. *See Lightfoot v. Walker*, 619 F.Supp. 1481, 1485-86 (S.D.Ill. 1985) (in civil rights cases, injunctive relief obtained can be more valuable than the monetary judgment and can be considered in determining whether a party obtained a more favorable result than an offer of judgment). In Defendant's Objections to the Report and Recommendation, it makes three arguments in reference to the injunctive relief obtained. *See* Doc. 100. First, that a jury trial would not have been required for issuance of an injunction. *Id.* Second, Plaintiff Amber Herrin "disputed Gina Lamachy's version of the events until the last moments of the trial . . . ". *Id.* Third, the injunction issued by the Court was far less than that which was requested by Plaintiffs. *Id.* However, as Plaintiffs noted, Defendant fails to cite any authority sufficiently explaining how these arguments undermine the injunctive relief awarded. As such, the Court finds no merit in these objections.

**II.     Reasonableness of Attorneys' Fees**

Defendant objects to the Magistrate's recommendation that the attorneys' fees are reasonable. Defendant cites *Farrar v. Hobby* for the proposition that "the most critical factor in determining the reasonableness of a fee award is the degree of success obtained." *Farrar v. Hobby*, 506 U.S. 103, 114, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992) (internal citations omitted). *See* Doc.

100, p.5. As Defendant notes, under *Farrar* and its progeny, the courts first look to whether a party is the "prevailing party" and, once the party is deemed to have prevailed, then the inquiry turns to consideration of the proper amount to award for attorneys' fees and costs. *Id.* It is undisputable that Plaintiffs are prevailing parties, after prevailing on all of their claims and obtaining injunctive relief. Moreover, in the Report and Recommendation, the Magistrate found that "[t]he recovery in this case, considering the monetary and equitable relief awarded, is not low enough related to Plaintiffs' demand to warrant jettisoning the lodestar analysis." *See* Doc. 99, p. 13. The Court is in agreement with the Magistrate's recommendation that the attorneys' fee award was reasonable under *Farrar*.

### III. Request for Reduction

Defendant objects to the finding that Defendant made no suggestion for a reduction. Initially, it should be noted that the Magistrate does not find that Defendant made no suggestion for a reduction, as she clearly discusses such a request in her Report and Recommendation. *See* Doc. 102, p. 3. Rather, the Magistrate finds that Defendant made no *specific* suggestions for a reduction. As previously discussed, Defendant argues, generally, that the Magistrate's recommendation is not reasonable in light of the ultimate monetary recovery. However, as the Court has already concluded, it agrees with the Magistrate that the injunctive relief awarded was of great value and that the value of the monetary judgment and the injunctive relief obtained by the Plaintiffs far outweighs the solely monetary offers of judgment and Plaintiffs ultimate recovery is not low enough related to Plaintiffs' demand to warrant jettisoning the lodestar analysis. Moreover, though given ample opportunity, Defendant still has failed to make any specific objections to Plaintiffs' requested compensation or suggested how Plaintiffs expended too much time on this matter. On the other hand, Plaintiffs have filed several documents in support of their Motion for Attorneys' Fees. *See* Docs. 88-1-7, 89.

Therefore, the Court is in agreement with the Magistrate's findings. Thus, after careful consideration of the Report and Recommendation of the Magistrate Judge, in conjunction with an independent examination of the court file, the Court is of the opinion that the Magistrate Judge's Report and Recommendation should be adopted, confirmed, and approved in all respects.

Accordingly, it is hereby **ORDERED and ADJUDGED**:

1. The Report and Recommendation of the Magistrate Judge (Doc. 99) is adopted, confirmed, and approved in all respects and is made a part of this order for all purposes, including appellate review.

2. Plaintiffs', Amber Herrin, Rebecca Hesselmeyer, and Fair Housing Continuum, Inc., Motion for Attorneys' Fees and Costs and Motion for Sanctions Pursuant to 28 U.S.C. § 1927 (Doc. 88), is **GRANTED in part** and **DENIED in part**. Plaintiffs' motion for attorneys' fees and costs is **GRANTED.** Plaintiffs are awarded attorneys' fees in the amount of $177,941.00 and costs in the amount of $7,852.95. Plaintiffs' motion for sanctions is **DENIED**.

3. The Clerk is directed to enter judgment in favor of Plaintiffs as to attorneys' fees and costs in the total amount of $185,793.95.

**DONE AND ORDERED** at Orlando, Florida on February 16, 2012.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

**COPIES TO**:
COUNSEL OF RECORD